Filed 4/30/25  P. v. Thomas CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SYLVESTER THOMAS,<br><br>    Defendant and Appellant. | B336744<br><br>(Los Angeles County<br>Super. Ct. No. VA040575) |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph R. Porras, Judge.  Reversed and remanded with directions.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Under Penal Code[1] section 1172.75, as applicable here, prior prison term enhancements imposed before January 1, 2020 under section 667.5, subdivision (b), are "legally invalid." A person in the custody of the California Department of Corrections and Rehabilitation (CDCR) who is "currently serving a term for a judgment that includes [such] an enhancement" is entitled to recall of the sentence and resentencing. (§ 1172.75, subds. (a)-(c).)

Sylvester Thomas sought resentencing under section 1172.75, and the trial court found him ineligible, concluding he is not currently serving a sentence that includes an enhancement under section 667.5, subdivision (b), because the prior prison term enhancements imposed in his case were stayed. Thomas appeals from the order denying resentencing and we reverse. We agree with the weight of appellate authority, currently on review in our high court, holding a defendant in custody whose judgment includes a section 667.5, subdivision (b) enhancement that was imposed and stayed is entitled to a full resentencing. We remand the matter for such a hearing.

## BACKGROUND

In 1997, a jury found Thomas guilty of one count of possession of a firearm by a felon (former § 12021, subd. (a)(1)); and the court found he had three prior strike convictions under the "Three Strikes" law (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)) and five prior prison terms within the meaning of section 667.5, subdivision (b). After denying Thomas's motion to dismiss prior strike convictions, the court sentenced him to 25 years to

_____

[1] Undesignated statutory references are to the Penal Code.

life in state prison, and imposed and stayed the section 667.5, subdivision (b) prior prison term enhancements.

At the time Thomas was sentenced, section 667.5, subdivision (b), required a trial court, when sentencing a defendant to prison for a felony, to impose a one-year term for each prior prison term the defendant had served, unless the defendant had remained free of custody for at least five years. Effective January 1, 2020, Senate Bill No. 136 amended section 667.5, subdivision (b), to limit the enhancement to prior prison terms served for sexually violent offenses. (Sen. Bill No. 136 (2019-2020 Reg. Sess.); Stats. 2019, ch. 590, § 1.) In 2021, the Legislature enacted Senate Bill No. 483, which made Senate Bill No. 136's changes to the law retroactive and added former section 1171.1, now section 1172.75, to achieve this purpose. (Sen. Bill No. 483 (2021-2022 Reg. Sess.); Stats. 2021, ch. 728, § 3.)

In June 2023, the Alternate Public Defender's Office filed a motion on Thomas's behalf, requesting a full resentencing under section 1172.75. The motion indicated CDCR had notified the trial court that Thomas was potentially eligible for such relief. The district attorney opposed the motion, arguing Thomas did "not fall within the purview of section 1172.75" because his prior prison term enhancements were imposed and stayed (not imposed and executed). The district attorney asserted that a defendant in CDCR custody whose judgment includes a stayed section 667.5, subdivision (b) enhancement is *not* "currently serving a term for a judgment that includes [such] an enhancement," within the meaning of section 1172.75. (§ 1172.75, subd. (b).)

On February 2, 2024, the trial court held a hearing to determine whether Thomas was eligible for a full resentencing.

3

After hearing oral argument from the parties, the court ruled that section 1172.75's resentencing relief does not apply to a defendant whose judgment includes a section 667.5, subdivision (b) enhancement that was imposed and stayed. The same day, the court issued a minute order denying Thomas's motion for resentencing. Thomas filed a timely notice of appeal.

## DISCUSSION

Thomas contends the trial court erred in denying him a full resentencing under section 1172.75.[2]

" ' "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.]" [Citation.] " 'When the language of a statute is clear, we need go no further.' [Citation.] But where a statute's terms are unclear or ambiguous, we may 'look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' " ' " (*People v. Scott* (2014) 58 Cal.4th 1415, 1421.) "The proper interpretation

_____

[2] Thomas also contended in his opening appellate brief that a trial court has discretion to dismiss a prior strike conviction at a resentencing hearing under section 1172.75. In his reply brief, he acknowledged that this issue is not ripe for our review. In the present appeal, we are reviewing Thomas's eligibility for a resentencing hearing. We have no cause to advise the trial court as to how it should rule on matters Thomas may raise at such a hearing.

of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)

Under section 1172.75, subdivision (a), "[a]ny" section 667.5, subdivision (b) prior prison term enhancement "imposed" before January 1, 2020, "except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Subdivision (b) of section 1172.75 requires CDCR to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and provide their information "to the sentencing court that imposed the enhancement." After receiving such information from CDCR, a "court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.5, subd. (c).)

Although the Attorney General does not dispute the current invalidity of Thomas's stayed prior prison term enhancements, he maintains that section 1172.75 does not apply to Thomas because the enhancements did not increase the length of his sentence. We disagree with the Attorney General's position. Under the plain language of section 1172.75, subdivisions (a)-(c), the resentencing provisions apply to Thomas. The court that sentenced him in 1997 *imposed* prior prison term enhancements, and he is currently serving a prison sentence on a *judgment that includes* the prior prison term enhancements. There is nothing in the statute limiting resentencing relief to those defendants whose enhancements were imposed and executed and excluding from resentencing relief those defendants

5

whose enhancements were imposed and stayed. (See *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282 (*Renteria*) [the "prior prison term enhancements . . . were included in the abstract of judgment but then stayed. In that situation, the enhancements were imposed," and the defendant is entitled to a full resentencing under section 1172.75, subd. (d)].) We discern no ambiguity in the statute.

The majority of appellate courts that have published opinions on this issue have held as we do that a defendant in custody whose judgment includes a section 667.5, subdivision (b) enhancement that was imposed and stayed prior to January 1, 2020 is entitled to a full resentencing under section 1172.75. (See *Renteria, supra*, 96 Cal.App.5th at pp. 1281-1283; *People v. Christianson* (2023) 97 Cal.App.5th 300, 305, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276, review granted Mar. 12, 2024, S283547; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 676, review granted Aug. 14, 2024, S285853 (*Mayberry*); *People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S286987.) The Attorney General urges us to follow *People v. Rhodius* (2023) 97 Cal.App.5th 38, 48-49, review granted February 21, 2024, S283169 (*Rhodius*), which interpreted section 1172.75 differently and held full resentencing relief is available only to defendants whose prior prison term enhancements were imposed and executed. As we have indicated, our Supreme Court has granted review to resolve the question. We are unpersuaded by the Attorney General's arguments urging us to break with the majority of appellate courts and follow *Rhodius*.

The Attorney General suggests the Legislature's use of the word "imposed" in section 1172.75 is "shorthand" for imposed and

executed.  He relies on *People v. Gonzalez* (2008) 43 Cal.4th 1118 (*Gonzalez*), in which the Supreme Court noted, "[I]t is important to understand that the word 'impose' applies to enhancements that are 'imposed and then *executed*' as well as those that are 'imposed and then *stayed*.  However, as a practical matter, the word "impose" is often employed as shorthand to refer to the first situation, while the word "stay" often refers to the latter.' " (*Id.* at p. 1125.)

The question before the Supreme Court in *Gonzalez* was "whether, after a trial court imposes punishment for the section 12022.53 firearm enhancement with the longest term of imprisonment, the remaining section 12022.53 firearm enhancements and any section 12022.5 firearm enhancements that were found true for the same crime must be stayed or stricken." (*Gonzalez*, *supra*, 43 Cal.4th at p. 1122.)  In resolving the question and holding that the remaining firearm enhancements must be imposed and stayed (*id.* at p. 1130), the Court interpreted the word "impose" in section 12022.53, subdivision (f), a provision which provides in pertinent part, "Only one additional term of imprisonment under this section shall be *imposed* per person for each crime.  If more than one enhancement per person is found true under this section, the court shall *impose* upon that person the enhancement that provides the longest term of imprisonment.  An enhancement involving a firearm specified in Section . . . 12022.5 . . . shall not be *imposed* on a person in addition to an enhancement imposed pursuant to this section."  (Italics added.)

The Supreme Court concluded that in the context of section 12022.53 as a whole, the word "impose" is "shorthand" for " 'impose and then execute,' " and therefore subdivision (f)

7

"directs that only one enhancement may be imposed and then *executed* per person for each crime, and allows a trial court to impose and then *stay* all other prohibited enhancements." (*Gonzalez, supra*, 43 Cal.4th at p. 1127.) The Court reasoned that "a contrary interpretation 'would disserve the public safety policy that . . . underlies the legislative intent reflected in the statute' [citation], by making it more difficult, if not impossible, to impose and execute the term of imprisonment for an initially prohibited firearm enhancement in the event the section 12022.53 enhancement with the longest term of imprisonment is invalidated on appeal." (*Id*. at p. 1128.)

Section 12022.53, considered in *Gonzalez*, and section 1172.75, considered here, are at cross-purposes. The legislative intent in section 12022.53 "was to ensure that ' "substantially longer prison sentences must be imposed on felons who use firearms in the commission of their crimes, in order to protect our citizens and to deter violent crime." ' " (*Christianson, supra*, 97 Cal.App.5th at p. 313, quoting *Gonzalez, supra*, 43 Cal.4th at p. 1129.) The intent of section 1172.75, however, was to reduce sentences. As articulated in *Christianson*, "the statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system,' " and by permitting a full resentencing. (*Christianson*, at p. 314.)

We read nothing in section 1172.75 to suggest the use of the word "imposed" in the statute is "shorthand" for "imposed and executed," as was the case in *Gonzalez*. The Supreme Court decided *Gonzalez* 13 years before the Legislature enacted Senate Bill No. 483. If the Legislature intended to limit resentencing

8

relief to only those defendants whose prior prison term enhancements were imposed and executed, we believe the Legislature would have said so. It did not. (See *Mayberry*, *supra*, 102 Cal.App.5th at p. 676 ["Laws in existence when section 1172.75 was enacted allowed [section 667.5, subdivision (b)] sentence enhancements to be stayed under certain circumstances. Knowing this, if the Legislature intended for the language in subdivision (a) of section 1172.75 to limit legal invalidity to section 667.5, former subdivision (b) enhancements that were imposed and executed it could have done so. It did not"].)

The Attorney General points to subdivision (d)(1) of section 1172.75, arguing this provision indicates full resentencing relief is only available where the enhancement was imposed and executed. Although all parts of section 1172.75 should be read together, subdivision (d) governs how a trial court should conduct a full resentencing hearing. No resentencing hearing took place here, meaning subdivision (d)'s resentencing procedures are not at issue in the instant appeal. In any event, we disagree with the Attorney General's interpretation of subdivision (d)(1).

Section 1172.75, subdivision (d)(1), provides: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."

The Attorney General quotes and relies on the following passage from the Court of Appeal's opinion in *Rhodius*: "Section 1172.75 subdivision (d)(1)'s requirement that the resentencing

9

shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here. To interpret 'imposed' as used in section 1172.75, subdivision (a), to include when a sentence was 'imposed and stayed' would require any sentencing court faced with an 'imposed and stayed' enhancement to arbitrarily lower a sentence simply because the judgment contained a stayed enhancement." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 44.)

We read section 1172.75, subdivision (d)(1), to mean the trial court must strike the prior prison term enhancements from the judgment and, in resentencing the defendant, the court may not increase the defendant's sentence. We see nothing in section 1172.75 excluding defendants with stayed enhancements from resentencing. We reject the invitation by the Attorney General to look behind the plain language of the statute and turn to the legislative history of section 1172.75. Nothing in the language of the statute suggests that the Legislature intended that a defendant with an executed one-year prior prison term enhancement could take advantage of a full resentencing, presenting evidence of postconviction mitigating factors to otherwise reduce their sentence, and a defendant with a stayed enhancement could not.[3]

---

[3] At a resentencing hearing under section 1172.75, the "court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or

10

Thomas is currently serving a sentence on a judgment that includes section 667.5, subdivision (b) enhancements, and accordingly, the trial court must recall his sentence and conduct a resentencing in accordance with the procedures set forth in section 1172.75, subdivision (d). We reverse the trial court's February 2, 2024 order, and remand the matter for a full resentencing hearing.

## DISPOSITION

The order finding Thomas ineligible for resentencing is reversed, and the matter is remanded for a full resentencing hearing pursuant to section 1172.75.

NOT TO BE PUBLISHED


M. KIM, J.

We concur:


ROTHSCHILD, P. J.


WEINGART, J.

---

provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2) & (5).) The court may also consider postconviction factors such as rehabilitation. (§ 1172.75, subd. (d)(3).)